CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 18 2010

BY: JOHN F. CORCORAN, CLERK
   /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY C. GOMEZ, | ) |
| | ) Civil Action No. 7:09CV00496 |
| Appellant, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| U.S. TRUSTEE, | ) United States District Judge |
| | ) |
| Appellee. | ) |

This case is presently before the court on an appeal from an order of the United States Bankruptcy Court for the Western District of Virginia. The appellant seeks review of the bankruptcy court's order appointing a Chapter 11 trustee. Because the appellant has failed to show an abuse of discretion by the bankruptcy court, the order will be affirmed.

## Background

The appellant, Roy C. Gomez, practiced medicine in Tazewell County, Virginia from 1979 to 2009. On October 28, 2008, Gomez was indicted by a grand jury in the Western District of Virginia. In each of its 34 counts, the indictment alleged that Gomez acquired or attempted to obtain Androgel (testosterone gel) or Testred (methyltestosterone) by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of 21 U.S.C. § 843(a)(3).

The government filed a two-count criminal information against Gomez on April 28, 2009. Count One of the information charged Gomez with willfully failing to file reports of foreign financial accounts exceeding $10,000 in value, in violation of 31 U.S.C. § 5314. Count Two charged Gomez with willfully filing a false Form 1040 with the Internal Revenue Service, which failed to reflect his interests in foreign financial accounts, in violation of 26 U.S.C. § 7206(1).

On April 28, 2009, Gomez pled guilty, pursuant to a written plea agreement, to Count One of the indictment and Counts One and Two of the information. Pursuant to the plea bargain, Gomez agreed to forfeit $600,000.00 to the government and to surrender his medical license. He was subsequently sentenced to a term of imprisonment of eight months on September 4, 2009.

On August 26, 2009, one week prior to his sentencing hearing, Gomez filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. Based on the facts and circumstances surrounding the case, the United States Trustee filed a motion for appointment of a Chapter 11 trustee. The bankruptcy court held a hearing on the motion on October 14, 2009. At the conclusion of the hearing, the bankruptcy court found that cause existed to appoint a trustee, pursuant to 11 U.S.C. § 1104(a), based on the nature of Gomez's federal convictions. Gomez now appeals to this court.

## Discussion

In cases under Chapter 11 of the Bankruptcy Code, the bankruptcy estate is generally administered by the debtor as a debtor-in-possession, who essentially has the same rights, powers, and duties as a trustee. See 11 U.S.C. §§ 1101(1) and 1107(a). That arrangement, however, is not absolute. Section 1104 of the Bankruptcy Code specifically authorizes bankruptcy courts to appoint trustees in Chapter 11 cases when certain circumstances are present. For instance, § 1104(a) provides, in pertinent part, as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee --

2

> for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case . . . .

11 U.S.C. § 1104(a).

Although the appointment of a trustee in a Chapter 11 case "is the exception rather than the rule," In re Microwave Products of America, Inc., 102 B.R. 666, 670 (Bankr. W.D. Tenn. 1989), the decision to appoint a trustee is within the discretion of the bankruptcy court. See Committee of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 242 (4th Cir. 1987). Thus, in reviewing the bankruptcy court's decision, "the question . . . is not whether this court would have appointed a trustee had it been deciding the question in the first instance, but whether the bankruptcy court abused its discretion in appointing a trustee." Fraidin v. Weitzman, No. 94-1658, 1994 U.S. App. LEXIS 34615, at *4 (4th Cir. Dec. 9, 1994).

In the instant case, Gomez argues that the bankruptcy court's decision to appoint a trustee was an abuse of discretion, since the decision was based on Gomez's "pre-petition, non-bankruptcy-related, criminal convictions." (Initial Br. at i). While Gomez cites several decisions in which courts found cause to appoint a trustee on the basis of a debtor's bankruptcy-related fraud or dishonesty, he cites no cases which hold that courts are limited to considering post-petition, bankruptcy-related misconduct. Indeed, such holding would be contrary to the plain language of the governing statute, which expressly provides that dishonesty, "either before or after" the commencement of the bankruptcy case, justifies the appointment of a trustee. 11 U.S.C. § 1104(a); see also Fraidin, 1994 U.S. App. LEXIS, at *5 (noting that dishonesty,

3

"whether before or after the filing of the bankruptcy petition," provides cause for the appointment of a trustee under § 1104(a)).

Applying the standard set forth in § 1104(a), the court concludes that the bankruptcy court's decision to appoint a trustee was entirely appropriate. As the United States Trustee emphasized during the hearing on the underlying motion, all three offenses to which Gomez pled guilty involved some measure of fraud, deception, and/or dishonesty, "either by omission or commission." (Oct. 14, 2009 Tr. at 9). Additionally, each of the offenses was based on acts committed by Gomez during the course of managing his medical practice or his personal financial affairs. While the court recognizes that the mere existence of a prior felony conviction will not justify the appointment of a trustee in every Chapter 11 case, the facts and circumstances surrounding Gomez's prior convictions clearly supported the bankruptcy court's decision in this case. Accordingly, the court finds no abuse of discretion by the bankruptcy court and will affirm its decision appointing a trustee.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 18th day of February, 2010.

_____
United States District Judge